```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DANIEL L. ST. GERMAIN            )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    C.A. No. 19-10077-PBS
                                 )
BRIDGEWATER STATE HOSPITAL, et   )
al.,                             )
                                 )
        Defendants.              )
```

## ORDER

**May 1, 2019**

Saris, C.J.

For the reasons set forth below, the Court dismisses this action without prejudice.

Daniel St. Germain commenced this action without paying a filing fee or seeking leave to proceed without prepayment of the filing fee. He represents in his complaint (ECF No. 1) that he was confined at Bridgewater State Hospital ("BSH") against his will to undergo a court-ordered psychiatric evaluation. He asked that this Court order his release from BSH and his return to "proper state court custody for due process and fundamental fairness in the criminal court for resolution." Compl. at 7. He does not seek damages.

On March 29, 2019, the Court issued an order (ECF No. 4) requiring him to resolve the fee within 21 days. The Court also

warned St. Germain that failure to do so would result in dismissal of the action without prejudice.  The order was mailed to St. Germain at BSH, the only address he had provided.  The Clerk also mailed a copy of the order to the BSH treasurer.

The deadline for complying with the Court's March 29, 2019 order passed without any response from St. Germain.  On April 8, 2019, the Clerk received a letter from BSH notifying the Court that St. Germain had been released from the facility two days after the Court received his complaint.  A deputy clerk called the author of the letter and was informed that no further information on the location of St. Germain was available.

Accordingly, based upon the foregoing, the Court hereby orders that this action be dismissed without prejudice for failure to pay the filing fee[1] and on the ground of mootness.

SO ORDERED.

/s/ Patti. B. Saris\_
PATTI B. SARIS
CHIEF, U.S. DISTRICT JUDGE

---

[1] That St. Germain did not receive the Court's order does not extend the deadline for complying therewith.  Under this Court's Local Rules, pro se litigants are required to inform the clerk of any change of address, and "[a]ny notice sent by the clerk . . . to a pro se party shall be deemed delivered and properly served it sent to the most recent address . . . provided by the pro se party."  Local Rule 83.5.5(h) (D. Mass.).